IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**STEVEN CRAFTON,**

    **Plaintiff,**

vs.

    Case No.: _____

**AT&T UMBRELLA BENEFIT
PLAN NO. 3.**

    **Defendant.**

## COMPLAINT

COMES NOW the Plaintiff, Steven Crafton (hereinafter "**Plaintiff**" or "**Mr. Crafton**"), by and through his attorneys, and for his Complaint against Defendant AT&T Umbrella Benefit Plan No. 3 (hereinafter "**Defendant**" or the "**Plan**"), states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of the AT&T Umbrella Benefit Plan No. 3, under which the "AT&T Disability Income Program" is a program. The Plan was (and is) underwritten, administered, and/or managed by Sedgwick Claims Management Services, Inc. (hereinafter "**Sedgwick**") for the benefit of certain employees of AT&T Inc. (hereinafter "**AT&T**"). In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **AT&T Disability Income Program Claim No. 8925012936-0001-01**.

3. Venue is proper in the Middle District of Tennessee, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

4. Mr. Crafton lives in Dover, Tennessee, and a substantial part of the events, transactions, and occurrences material to his claim for disability took place within the Middle District of Tennessee.

5. At all times relevant hereto, Mr. Crafton was an "employee" of AT&T, that being his "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). However, due to his established disability, he last worked at AT&T on or about February 10, 2019.

6. At all times relevant hereto, AT&T (or a related entity) was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At all times relevant hereto, Sedgwick (via the AT&T Integrated Disability Service Center Quality Review Unit [hereinafter "**IDSC**"]) was the claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Sedgwick was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

8. At the times relevant hereto, Sedgwick (via IDSC) acted as agent for the Plan and for Plan Sponsor/Plan Administrator AT&T.

9. Under the Plan, AT&T delegated or assigned to Sedgwick (via IDSC) the claims-fiduciary and claims-administrator duties for and under the Plan; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for and under the Plan.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to his employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan.

12. The Plan provides that the test of Total Disability is whether the insured has an illness or injury that prevents him or her from engaging in any employment for which he or she is qualified or may reasonably become qualified based on education, training, or experience. The insured will be considered Totally Disabled for long-term disability if he or she is incapable of performing the requirements of a job other than one for which the rate of pay is less than 50 percent of his or her Pay (prior to any Offsets) at the time his or her long-term disability started.

## STATEMENT OF FACTS

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Mr. Crafton is currently 49 years old, and his date of birth is in May of 1973.

15. Mr. Crafton worked for AT&T as a technician/installer.

16. Owing to his established medical disability, as stated, Mr. Crafton's last day of work was on or about February 10, 2019.

17. The medical conditions that form the basis for Plaintiff's disability include, without limitation, the following: syncope cough (severe enough to cause him to pass out); related deficits with focus and attention; depressive disorder. He cannot safely drive.

18. After he could no longer perform his work for AT&T, and based on his employment there, Mr. Crafton was eligible and applied for short-term disability ("STD") benefits through Sedgwick, IDSC and/or AT&T (or a related entity). Upon information and belief, STD benefits were awarded for the maximum duration under said Plan.

19. After that, his medical condition not having improved, Mr. Crafton was eligible and applied for LTD benefits, again through Sedgwick, IDSC and/or AT&T (or a related entity). Sedgwick initially approved Mr. Crafton's claim for LTD benefits and paid such benefits until they were discontinued on or about November 1, 2021.

20. Mr. Crafton was notified that LTD benefits were terminated via letter dated November 1, 2021.

21. Despite due appeal(s) by or on behalf of Plaintiff, no further LTD benefits have been paid. The final denial letter was dated June 2, 2022.

22. Any and all applicable premiums or other payments required to trigger LTD coverage generally under the Plan have been fully paid or otherwise satisfied.

23. Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were condition(s) precedent to recovering benefits under the Plan for the losses claimed herein.

24. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan; such that certain policy benefits are now due and overdue to be paid. That is, his claim

was and has continued to be amply supported by his treating medical providers, who have confirmed his continuing inability to work.

25. Under any ERISA standard of review that may apply, the position taken by or on behalf of Defendant in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The review, analysis, and decision by Sedgwick (via IDSC) were wrong, as well as arbitrary and capricious, under the circumstances presented.

26. Further, the denial of LTD benefits here must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

27. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan during the pertinent time frame. Further, he is entitled to all future LTD benefits and companion benefits provided by the Plan, provided that he otherwise continues to meet all applicable terms and conditions of same.

28. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, he alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

29. Plaintiff realleges and reavers paragraphs 1 through 28 of the Complaint, incorporating them by reference herein as if specifically restated.

30. Based on the facts summarized above, Plaintiff makes claim under ERISA for the

reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan at issue. That is, this is an action by a plan participant seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq.*, in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which he was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[1] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan at issue, under ERISA law, and subject to the proof;

B. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff all LTD benefits to which he is or will be entitled in the future pursuant to the contractual terms of the Plan at issue; subject to the proof and policy application procedures, as required; and so long as he otherwise continues to meet all applicable terms and conditions of the Plan;

---

[1] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

C. That the Court award to Plaintiff his attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

D. That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which he may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; and any provision for continued payments/contributions to employer-sponsored pension or retirement plan(s) (if and as any/all of those items may be provided under the Plan in force); plus pre-judgment interest[2] and post-judgment interest[3] on all amounts awarded or to be awarded;

E. That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that the Defendant or its designee render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that his benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

F. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

---

[2] *See, Curtis v. Hartford Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[3] *See*, 28 U.S.C. § 1961.

7

G. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise to amend/supplement this lawsuit and the Prayer for Relief based on additional fact/circumstances not now reasonably apparent, or to be revealed in discovery conducted herein; and/or based on relevant evidence from Plaintiff's companion claim for SSDI benefits (*upon information and belief still pending); and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this 4th day of October, 2022.

**CODY ALLISON & ASSOCIATES, PLLC**

/s/ K. Cody Allison
K. Cody Allison, BPR No. 020623
Samuel D. Payne, BPR No. 019211
Andrew M. Hickman, BPR No. 037331
Cavalier Building
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Telephone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
drew@codyallison.com